UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**ASHLEY WINGER**              **CIVIL ACTION NO. 25-1238**

**VERSUS**                     **JUDGE EDWARDS**

**DOUGLAS A COLLINS**          **MAGISTRATE JUDGE HORNSBY**

## MEMORANDUM RULING & ORDER

Before the Court is an Appeal of Motion for Appointment of Counsel ("Magistrate Appeal") (R. Doc. 9) filed by *pro se* Plaintiff Ashley Winger ("Plaintiff"). Plaintiff appeals the Magistrate Judge's Order (R. Doc. 8) denying her Motion to Appoint Counsel (R. Doc. 5) for failure to show "exceptional circumstances." For the reasons set forth below, the Magistrate Appeal is **DENIED,** and the Magistrate Judge's Order (R. Doc. 8) is **AFFIRMED**.

The decision by the Magistrate Judge to deny Plaintiff's request for appointed counsel will be upheld unless it is clearly erroneous or contrary to law.[1] Under a "clearly erroneous or contrary to law" standard of review, district courts "shall affirm the decision of the magistrate judge unless, based on all the evidence, the court is left with a definite and firm conviction that the magistrate judge made a mistake."[2]

---

[1] *See* 28 U.S.C. § 636(b)(1)(A) & Fed. R. Civ. P. 72(a); *see also Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995).
[2] *Progressive Waste Solutions of LA, Inc. v. Lafayette Consolidated Government*, 2015 WL 222392, at *2 (W.D. La. Jan. 14, 2015).

This is a case seeking relief under Title VII of the Civil Rights Act of 1964, the Equal Protection Clause, and the Religious Freedom Restoration Act. *See* R. Doc. 4. There is no general right to counsel in civil rights actions.[3] However, when a litigant alleges violations of Title VII, an attorney may be appointed "in such circumstances as the court may deem just…."[4] A court may also appoint counsel, in a pauper case, if a plaintiff presents "exceptional circumstances."[5] The Court should consider several factors when analyzing a request for appointed counsel including the merits of the discrimination claims, the litigant's efforts to obtain counsel, and the litigant's financial ability.[6] "The plaintiff bears the burden of demonstrating that the appointment of counsel is justified."[7]

On appeal, Plaintiff argues that (1) her disability will impede her ability to present her case, (2) this case will "positively affect change" for "women in the military," (3) an attorney would better understand the laws and present a better case, and (4) she lacks the ability to pay a lawyer. *See* R. Doc. 9.

As to the case's merits, Plaintiff submitted a typed, detailed, well-organized, and coherent Complaint. *See* R. Doc. 4. The allegations therein do not appear to be overly complex. While the Court is unable to assess the likelihood of the success of the merits of her claims at this stage, they are not frivolous. Plaintiff's demonstrated

---

[3] *See McFaul v. Valenzuela,* 684 F.3d 564, 581 (5th Cir. 2012).
[4] 42 U.S.C.A. § 2000E–5(f)(1).
[5] *Gonzalez v. Carlin*, 907 F.2d 573, 579 (5th Cir. 1982) ("[T]he decision whether to appoint counsel rests within the sound discretion of the trial court.").
[6] *Id.* at 580 (holding that "the 'exceptional circumstances' standard for appointing counsel in pauper cases is not interchangeable with the standard for analyzing the need for appointed counsel in Title VII cases").
[7] *Paskauskiene v. Alcor Petrolab. L.L.P.*, 572 Fed. App'x 329, 333 (5th Cir. 2013) (internal citations omitted).

ability to present a non-frivolous case contradicts her arguments that she cannot present her case and that a lawyer would do a better job. This factor weighs against the appointment of counsel.

To obtain counsel, Plaintiff contends that she has "contacted multiple law firms to assist with [her] claim." R. Doc. 5 at 2. Specifically, Plaintiff states that she has contacted two specific law firms and an agency to assist her in finding a law firm. R. Doc. 5 at 1–2. She also represents that her inability to pay has prevented her from obtaining counsel. However, "[b]efore counsel may be appointed under Title VII, a claimant must make a reasonably diligent effort to secure counsel without the court's assistance. A reasonably diligent attempt to secure counsel means, at minimum, speaking to an attorney about the merits of the case and pursuing a contingent fee arrangement."[8] Although Plaintiff has made some effort to obtain counsel, she does not indicate that she pursued a contingent fee arrangement. This factor weighs against the appointment of counsel.

Lastly, Plaintiff has established her financial inability to pursue this case as this Court granted her leave to proceed *in forma pauperis*. *See* R. Doc. 6. This factor, although not conclusive alone, weighs in favor of the appointment of counsel.

Plaintiff fails to articulate necessary circumstances warranting the appointment of counsel. Plaintiff's case is "not particularly complex," and Plaintiff appears "capable of self-representation" given the detailed Complaint (R. Doc. 4)

---

[8] *McPherson v. Ochsner Health Sys. Skilled Nursing Facility W. Campus*, No. 23-2433, 2024 WL 363337, at *2 (E.D. La. Jan. 31, 2024).

before the Court.[9] Finding no reason that Plaintiff is unduly hindered in presenting her case without counsel, there is no basis for the appointment of counsel, and the Magistrate Judge's conclusion that no such basis exists should be affirmed.

In light of the foregoing factors and the record, the instant appeal does not show that Magistrate Judge Hornsby's decision to deny the appointment of counsel was clearly erroneous or contrary to law. Thus, the Order denying appointed counsel (R. Doc. 8) is **AFFIRMED**, and Plaintiff's appeal (R. Doc. 9) is **DENIED**.

**IT IS SO ORDERED**.

**THUS DONE AND SIGNED** in Chambers this 30th day of October, 2025.

_____
**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[9] *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989).