**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

| | | |
|---|---|---|
| **ASHLEY WINGER** | ) | **CIVIL ACTION NO: 5:25-cv-01238** |
| | ) | |
| **VERSUS** | ) | **JUDGE EDWARDS** |
| | ) | |
| **DOUGLAS A. COLLINS, IN HIS OFFICIAL CAPACITY AS SECRETARY OF U.S. DEPARTMENT OF VETERANS AFFAIRS** | )<br>)<br>)<br>)<br>) | **MAGISTRATE JUDGE HORNSBY** |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Plaintiff alleges she was discriminated against when she was not interviewed for a chaplain position with the VA when the job vacancy was withdrawn due to new, nationwide qualifications for the position. She alleges the Secretary of the VA (1) violated her civil rights Under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e), and the Religious Freedom Restoration act ("RFRA")(42 U.S.C. 2000bb), and (2) violated her constitutional rights under the establishment clause of the first amendment based on 42 U.S.C. § 1983. Her Complaint should be dismissed in total because she failed to timely file the Complaint. Moreover, all claims other than the Title VII claims should be dismissed because Title VII provides both the exclusive cause of action and the exclusive remedy for those employees who allege employment discrimination.

**PROCEDURAL HISTORY**

Plaintiff filed a complaint with the EEOC and the ALJ's decision dismissing Plaintiff's EEOC complaint was issued and entered October 2, 2023. (Exh. A). The final agency order was issued October 6, 2023. (Exh. B). Plaintiff appealed the ruling on February 13, 2024, and the appeal was dismissed as untimely on January 8, 2025. (Ex. C). Plaintiff timely requested that the EEOC Commission reconsider the dismissal of the appeal.

On May 19, 2025, the EEOC Commission found "we can find no basis to disturb the Commission's prior decision." (Exh. D). The decision denying reconsideration advised Plaintiff that she had 90 calendar days from the date of receipt of the decision to file a civil action in an appropriate United States District Court. (Exh. D). The Certificate noted that it was presumed she would receive the decision within 5 days, giving Petitioner 95 days to file her complaint. (Exh. E).

With the presumption of five days for receipt of the decision, Plaintiff had until Friday, August 22, 2025 to file the Complaint. The Complaint, however, was filed on August 25, 2025. [Rec. Doc. 1]. In her Complaint, she alleges she mailed her Complaint by placing it with Federal Express ("Fed Ex") on August 21, 2025. [Rec. Doc. 1, para. 1]. She attached an exhibit which shows that on August 21, 2021, she placed a package with Fed Ex requesting "2D" with a "Scheduled Delivery Date: 8/26/25". [Rec. Doc. 1-3].

Moreover, the late-filed complaint, filed August 25, 2025, was deficient because it was signed by an attorney not admitted to practice before the Western District of Louisiana. [Rec. Doc. 1, 3]. Petitioner was instructed to submit a corrective document within 10 days of the notice, which was due September 14, 2025. The corrective complaint, [Rec. Doc. 4], was filed September 16, 2025. The FedEx receipt attached to the corrective complaint, [Rec. Doc. 4-2], shows Plaintiff again deposited the filing with FedEx 2Day and indicates a scheduled delivery date of September 16, 2025.

## STANDARD OF REVIEW

On a 12(b)(6) motion to dismiss, the Court accepts as true all of the relevant factual allegations in a complaint and construes them in the light most favorable to the plaintiff. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citation omitted). However, the Supreme Court explains that: While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, recitation of the elements will not do. Factual allegations must be enough

to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). To that end, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 680–81 (2009) ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which simply "are not entitled to [an] assumption of truth"). Rather, the court considers whether a complaint asserts "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 570). A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal citations omitted).

A court may consider documents attached to the complaint and documents filed in connection with a motion to dismiss under 12(b)(6) without converting the motion to a motion for summary judgment if those documents are central to the complaint and not in dispute. *See Taylor v. City of Shreveport*, 798 F.3d 276 n.4 (5th Cir. 2015) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)).

**ARGUMENT**

**1. Plaintiff's Complaint was filed untimely and should be dismissed.**

Plaintiff's complaint should be dismissed in its entirety as untimely for failure to comply with the 90-day filing deadline set forth in 29 C.F.R. § 1614.407(a). The Code of Federal Regulations ("CFR") establishes the procedures governing the administrative processing of Title VII claims by employees against the federal government. *See* 29 C.F.R. § 1614. Those regulations provide that once a complainant has filed a complaint with the appropriate government agency, she may proceed directly to district court within 90 days of the final agency decision. 29 C.F.R. § 1614.407(a)–(b). "Courts

apply the ninety-day time limit [for filing a civil action] strictly and will dismiss a suit for missing the deadline by even one day." *Wiley v. Johnson*, 436 F. Supp. 2d 91, 96 (D.D.C. 2006) (citing *Smith v. Dalton*, 971 F. Supp. 1, 2–3 (D.D.C. 1997) (barring action filed 91-days after final agency action). A civil action is commenced by filing a complaint with the court. F.R.C.P. Rule 3.

Plaintiff's complaint should be dismissed for failure to timely file her judicial complaint and there is no basis for equitable tolling.[1] The final agency action denying Plaintiff's claim was issued on May 19, 2025. (Exh. D). In the certificate, the Director indicated that Petitioner had an additional 5 days to account for receipt by mailing. (Exh. E). Ninety-five days from May 19, 2025 is Friday, August 22, 2025. The Complaint was not filed until Monday, August 25, 2025. Plaintiff's exhibit indicates that on August 21, 2025, she placed her complaint with Fed-Ex for FEDEX 2Day delivery. [Rec. Doc. 1-3]. The receipt also shows that the scheduled delivery date was August 26, 2025. [Rec. Doc. 1-3]. Because the date of filing, not the date of mail, is the critical date, Plaintiff's complaint is untimely and should be dismissed. *See Wiley*, 436 F. Supp. 2d at 97 (applying the ninety-day filing provision and dismissing complaint as untimely).

**2. The Complaint fails to state claims under RFRA, the equal protection clause and 42 U.S.C. § 1983 and those claims should be dismissed.**

Under *Bivens* and Title VII case law, there is no jurisdiction for Plaintiff's claims of discrimination outside of Title VII because Title VII provides both the exclusive cause of action and the exclusive remedy for those employees or job applicants who allege employment discrimination.

---

[1] The Fifth Circuit has held that equitable tolling applies only in "rare and exceptional circumstances." *See Crostley v. Lamar Cty.*, 717 F.3d 410, 419 (5th Cir. 2013) (quoting *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010)). A plaintiff's unfamiliarity with the legal process or lack of representation during the applicable filing period is not considered sufficient. *Madden v. Thaler*, 521 F. App'x 316, 323 (5th Cir. 2013) (citing *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999)). Indeed, equitable tolling is principally applied where the defendant actively misleads the plaintiff about her cause of action or the plaintiff is otherwise prevented in some extraordinary way from asserting her rights. *Coleman v. Johnson*, 184 F. 3d 398, 402 (5th Cir. 1999)(overturned on other grounds). The burden lies with the plaintiff to justify the application of equitable tolling principles. *See Wilson v. Dep't of Veteran's Affairs*, 65 F.3d 402, 404 (5th Cir. 1995).

*Brown v. General Services Administration,* 425 U.S. 820, 835 (1976); *Perez v. Federal Bureau of Investigation*, 71 F.3d 513, 515 (5th Cir. 1995). In other words, Title VII provides the exclusive remedy for employment discrimination claims raised by federal employees. See *Kaswatuka v U.S. Department of Homeland Security*, 7 F.4th 327, 330-31 (5th Cir. 2021). When "both the RFRA and Title VII claims that a federal employee plaintiff has alleged in his complaint are based on identical facts, the RFRA claims plaintiff has asserted against the federal agency defendants are preempted by the Title VII claims against those same defendants." *Id.* at 331; *Tagore v United States*, No. H-09-0027, 2009 U.S. Dist. Lexis 74235, 2009 WL 2605310, at 10 (S.D. Tex. Aug. 21, 2009) (explaining the interaction between Title VII and RFRA and the corresponding caselaw).

Plaintiff alleges that she applied for a job vacancy for a Protestant chaplain position under a federal vacancy announcement. [Rec. Doc. 4, ¶ 9]. She further alleges that she was notified that she met the qualifications, but before her interview, she was notified that the interview was canceled because the VA revised the qualifications for chaplains. [Rec. Doc. 4, ¶¶ 10-11]. Under the new requirements, chaplains were required to procure an ecclesiastical endorsement and have four Clinical Pastoral Education (CPE) units. [Rec. Doc. 4, ¶ 11]. Plaintiff only had two CPEs and alleges she had to change from Catholic to Protestant to obtain an ecclesiastical endorsement. [Rec. Doc. 4, ¶¶ 12-13]. In addition to her claims under Title IV and relying on the same facts, Plaintiff asserts claims for gender and religious discrimination under the Equal Protection Clause (Count 3) and the Religious Freedom Restoration Act (Count 4). Because Plaintiff relies on the same facts for all of the claims, the claims asserted under the Equal Protection Clause and the Religious Freedom Restoration Act are preempted by Title VII. Consequently, those claims should be dismissed.

Respectfully submitted,

ZACHARY A. KELLER
United States Attorney

By: *_/s/Melissa L. Theriot_*

MELISSA L. THERIOT (#22628)
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, Louisiana 70501
(337) 262-6618 // Fax: (337) 262-6693
Email: melissa.theriot@usdoj.gov